**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000015**
**30-MAY-2018**
**08:15 AM**

NO. CAAP-16-0000015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, v.
JILL AMARAL; NOAH BEATTY, Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO.12-1-0245)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

Defendants-Appellants Jill Amaral and Noah Beatty (collectively "Appellants") appeal from the December 10, 2015 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint Filed April 26, 2012 ("Order") and the December 10, 2015 Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint Filed April 26, 2012 ("Judgment"), both entered by the Circuit Court of the Third Circuit ("Circuit Court")[1] in favor of Plaintiff-Appellee Ocwen Loan Servicing, LLC ("Ocwen")[2]

---

[1]    The Honorable Glenn S. Hara presided.

[2]    This action was originally filed by Onewest Bank, FSB ("Onewest") on April 26, 2012. Ocwen was substituted as plaintiff for this case on March 9, 2015 when the Circuit Court entered an Order Granting Plaintiff's Non-hearing Motion for Order Substituting Ocwen Loan Servicing, LLC as Plaintiff. On January 22, 2016, after Appellants filed their January 11, 2016

and against Appellants.

On appeal, Appellants argue that the Circuit Court erred by granting Ocwen's motion for summary judgment and decree of foreclosure based on evidence which was authenticated only by hearsay.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Appellants' point of error as follows, and we vacate and remand for further proceedings.

Appellants' primary contention on appeal is essentially that Ocwen did not produce any admissible evidence that it was in possession of the original promissory note ("Note") at the time it filed its motion for summary judgment. Appellants argue that the Declaration of Vanessa Lewis in support of Ocwen's motion for summary judgment ("Lewis Declaration") was inadmissible hearsay because the "notorious robo-signer Vanessa Lewis" is not Ocwen's custodian of records and had insufficient personal knowledge to authenticate Ocwen's "business records," which included the Note.

However, the threshold issue, which is dispositive in this appeal, is not whether Ocwen was in possession of the Note at the time it filed its motion for summary judgment, but rather, whether Onewest, as the original foreclosing plaintiff, was in possession of the blank-indorsed Note at the time it filed the Complaint for Foreclosure ("Complaint"), and therefore entitled to enforce the Note when the action commenced under *Bank of Am., N.A. v. Reyes-Toledo*, 139 Hawai‘i 361, 390 P.3d 1248 (2017). In *Reyes-Toledo*, the Hawai‘i Supreme Court held that in order to establish a right to judicially foreclose, the foreclosing

Notice of Appeal identifying Ocwen as the plaintiff-appellee, and after the entry of the December 10, 2015 Order and corresponding Judgment, Federal National Mortgage Association was substituted as plaintiff for this case when the Circuit Court entered an Order Granting Plaintiff's Non-Hearing Motion for Order Substituting Federal National Mortgage Association as Plaintiff.

Ocwen takes the position that it remains the plaintiff for purposes of this appeal and asserts in its answering brief that, "[a]lthough Appellant(s) have chosen to unilaterally change the Plaintiff identification on appeal; this Answering Brief does not subscribe to that unilateral act." Appellants did not address this matter, as they did not file a reply brief. Given the record at the time the Judgment was entered, we continue to identify Ocwen as the plaintiff.

plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i at 367-70, 390 P.3d at 1254-57. Consequently, we consider the issue irrespective of Appellants' failure to raise it.

Typically, to be entitled to a decree of foreclosure, a foreclosing plaintiff and the movant, in satisfying their initial burden for summary judgment, must prove "the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." *Id.* at 367, 390 P.3d at 1254 (citing *Bank of Honolulu v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Additionally, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage[,]" as defined under Hawaii Revised Statutes ("HRS") section 490:3-301.[3] *Id.* (citing Haw. Rev. Stat. § 490:3-301 (2008)).

As a threshold matter, the supreme court noted that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'" *Id.* at 367, 390 P.3d at 1254 (quoting *Mottl v. Miyahira*, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Moreover, "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." *Id.* at 368, 390 P.3d at 1255 (citing *Sierra Club v. Haw. Tourism Auth.*, 100 Hawai'i 242, 257, 59 P.3d 877, 892 (2002)). In holding that the foreclosing party failed to satisfy its burden as the movant for summary judgment, the supreme court reasoned that "[a]lthough Bank of America produced evidence that it

---

[3]     HRS section 490:3-301 provides:

        "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Haw. Rev. Stat. § 490:3-301.

possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." *Id.* at 370, 390 P.3d at 1257.

Here, Onewest did not attach the Note to its Complaint and the Lewis Declaration fails to establish, or even mention, that Onewest possessed the Note at the time it filed its Complaint.[4] Rather, the Complaint merely stated that the original mortgagee's (i.e., Indymac's) interest in the mortgage was assigned to Onewest and that "[Onewest] is now in possession of the Mortgage and Note." Moreover, the copy of the Note that is attached to the motion for summary judgment does not reflect the date of the blank indorsement, and the Lewis Declaration, which was signed more than three years after the filing of the Complaint, simply states that "Plaintiff is in possession of an original promissory note" and that "the Note is endorsed in blank." Similarly, Ocwen's counsel submitted a declaration dated October 26, 2015, attesting that his staff received the original Note from Ocwen on October 28, 2014, again long after the Complaint was filed on April 26, 2012. Accordingly, Ocwen may have established that it possessed the Note at the time it sought summary judgment, but it failed to establish that Onewest possessed the Note at the time it filed the Complaint. *See Reyes-Toledo*, 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Viewing the facts and inferences in the light most favorable to Appellants as we must, *Salera v. Caldwell*, 137 Hawai'i 409, 415, 375 P.3d 188, 194 (2016), there is a genuine issue of material fact as to whether Onewest, as the original foreclosing plaintiff, had standing under *Reyes-Toledo* at the time the foreclosure action was commenced. *See Ocwen Loan Servicing, LLC v. Chelminiak*, No. CAAP-17-0000083, 2018 WL

---

[4] Although Ocwen submitted an "HRS § 667-17 Affirmation" with its summary judgment motion, it appears that in *Wells Fargo Bank, N.A. v. Behrendt*, No. SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018), the Hawai'i Supreme Court implicitly did not give any evidentiary credit to an attorney affirmation in the record in that case. *See Wilmington Savings Fund Soc. v. Yasuda*, No. CAAP-17-0000433, 2018 WL 1904909 (Haw. Ct. App. Apr. 23, 2018) (Ginoza, J., concurring).

1531155, at *2 (Haw. Ct. App. March 29, 2018) (holding under similar facts involving several of the same parties that summary judgment was inappropriate).  Therefore, the Circuit Court erred in granting summary judgment in favor of Ocwen.

Given the foregoing, we need not address Appellants' arguments relating to robo-signing and the business records exception to hearsay.

Therefore, we vacate the Order and Judgment, both entered in the Circuit Court of the Third Circuit on December 10, 2015, and remand this case for further proceedings.

DATED:  Honolulu, Hawai'i, May 30, 2018.


On the briefs:

Gary Victor Dubin and
Richard T. Forrester
for Defendants-Appellants.

Mary Martin
(Clay Chapman Iwamura Pulice
& Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5